# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2018

Lyle W. Cayce
Clerk

No. 18-10389
Summary Calendar

WILLIAM HENRY STARRETT, JR.,

Plaintiff-Appellant

v.

LOCKHEED MARTIN CORPORATION; TEXAS MILITARY DEPARTMENT; UNITED STATES ARMY CIVIL AFFAIRS AND PSYCHOLOGICAL OPERATIONS COMMAND; UNITED STATES ARMY RESERVE COMMAND; UNITED STATES ARMY; UNITED STATES ARMY SPECIAL OPERATIONS COMMAND; UNITED STATES DEPARTMENT OF DEFENSE; DEFENSE ADVANCED RESEARCH PROJECTS AGENCY; LAWRENCE LIVERMORE NATIONAL SECURITY, L.L.C.; SANDIA CORPORATION; NATIONAL NUCLEAR SECURITY ADMINISTRATION; UNITED STATES DEPARTMENT OF ENERGY; UNITED STATES SPECIAL OPERATIONS COMMAND,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-988

Before DENNIS, CLEMENT, and OWEN, Circuit Judges,

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10389

William Starrett, Jr., proceeding pro se, filed suit against various federal government and military agencies, the Texas Military Department, and large private corporations for violations of numerous federal laws. Starrett's 149-page complaint alleged that defendants conspired to use him for mind experiments, targeted him with "Remote Neural Monitoring," harassed him using "Voice to Skull" technology, and otherwise remotely monitored and controlled his thoughts, movements, sleep, and bodily functions.

The district court dismissed Starrett's complaint against defendants Lawrence Livermore National Security, LLC, and Sandia Corporation under FED. R. CIV. P. 12(b)(5) for insufficient service of process. It then dismissed Starrett's claims against Lockheed Martin corporation, the Texas Military Department, and various federal government agencies under Rule 12(b)(1), finding that the claims were "patently frivolous," and under Rule 12(b)(6), finding that they were "fanciful, fantastic, or delusional." Additionally, the court found that plaintiff's claims against Lockheed Martin and Texas Military Department should be dismissed under Rule 12(b)(5) because service was insufficient.

We review de novo a district court's grant of a motion to dismiss. The Supreme Court has held that when allegations within a complaint are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion," a federal court lacks subject matter jurisdiction to adjudicate the claim. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations omitted). We agree with the district court's characterizations of plaintiff's claims and determinations that service on some of the defendants was improperly made. We affirm for essentially the reasons stated by that court.

AFFIRMED.

2